## G. W. WEST v. IRVING & CAMPBELL.

**Homestead—Land Subject to.**

The right of a debtor and his family to a homestead extends to land on which he has an actual bona fide residence.

### APPEAL FROM FAYETTE CIRCUIT COURT.

June 6, 1873.

OPINION BY JUDGE PRYOR:

It does not appear that the appellant had or claimed his home on the dower estate of his mother. He was not in the possession and had no right to the possession. The statute was intended to secure insolvent debtors in homesteads that they owned and possessed and this protection against creditors is as much for the benefit of the family of the debtor as the debtor himself. It is not necessary that the debtor should be actually living on the land at the time the execution is levied in order to claim the exemption, but it must be regarded by the debtor as his actual *bona fide* residence, a mere temporary residence would not perhaps deprive him of this right, but where he is not in the possession of the premises and has his actual residence elsewhere or after having lived upon the land removes from it, making some other place his *bona fide* residence, the right to the exemption can not be asserted. If the statute can be made to apply to the present case the effect would be that every owner of land being a housekeeper with a family, would be entitled to an exemption of $1,000 in value of the land, whether he ever lived upon it or not. This court has adhered to this view of the questions presented in too many cases to attempt now to enlarge by judicial construction the operation of this homestead law.

The judgment is *affirmed*.

*Kinkead, Darnell, for appellant.*

*P. H. Johnston, for appellee.*